UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JOSE M. ROJAS,
and other similarly situated individuals,

    Plaintiff (s),

v.

MIAMI POOL TECH, INC.
and CARLOS HERNANDEZ, individually

    Defendants.

_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff JOSE M. ROJAS and other similarly situated individuals, by and through the undersigned counsel, and sues Defendants MIAMI POOL TECH, INC., and CARLOS HERNANDEZ, individually and alleges:

1. This is an action to recover money damages for unpaid half-time overtime wages and retaliation under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff JOSE M. ROJAS is a resident of Monroe County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act.

3. Defendant SUNDERMAN POOLS, INC. d/b/a MIAMI POOL TECH (hereinafter MIAMI POOL TECH, or Defendant) is a Florida Profit Corporation having a place

of business in Monroe County, Florida. Defendant was and is engaged in interstate commerce.

4. The individual Defendant CARLOS HERNANDEZ was and is now the owner/partner and operator of MIAMI POOL TECH. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Dade County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff JOSE M. ROJAS as a collective action to recover from Defendants regular wages, overtime compensation, liquidated damages, retaliatory damages, reasonable attorney's fees, and costs under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after September 2016 (the "material time") without being compensated overtime wages pursuant to the FLSA.

7. Defendant MIAMI POOL TECH is a company specialized in commercial and residential pool remodeling, maintenance, and related services. Defendants maintain a place of business at 8493 NW 54 Street, Doral FL 33166.

8. Defendants MIAMI POOL TECH and CARLOS HERNANDEZ employed Plaintiff JOSE M. ROJAS as a pool technician employee, from January 2008, through March 31, 2018, or more than 12 years. However, for FLSA purposes, the relevant employment period is 110 weeks.

9. During the relevant time of employment, Plaintiff was a non-exempted, full-time, hourly pool technician. During the relevant employment period, Plaintiff was paid approximately $1000.00 weekly.

10. While employed by Defendants, Plaintiff had a regular schedule. Plaintiff worked six days per week. He worked from Mondays to Saturdays from 6:30 AM to 5:00 PM (10.5 hours daily) for a total of 63 hours weekly.

11. Plaintiff worked more than 40 hours every week, and he was paid for all his working hours, but at his regular rate, Plaintiff was not paid for overtime hours.

12. Plaintiff did not clock-in and out, but the owner of the business CARLOS HERNANDEZ was able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

13. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

14. Plaintiff was paid weekly with checks and paystubs that did not provide information about the number of days and hours worked.

15. Plaintiff was not in agreement with the lack of payment for overtime hours, and he complained to the Defendants several times, but Defendants always refused to pay for overtime hours.

16. On or about March 31, 2018, Plaintiff stopped working for Defendants.

17. Plaintiff is not in possession of time and payment records, but he will provide a preliminary good faith estimate of his unpaid overtime hours. Plaintiff will adjust his calculations after proper discovery.

18. Plaintiff JOSE M. ROJAS seeks to recover payment for half-time overtime hours, liquidated damages, and any other relief as allowable by law.

19. The additional persons who may become Plaintiffs in this action are/were non-exempt hourly employees who worked more than forty (40) hours during one or more workweeks during the relevant period but who did not receive minimum wages and overtime pay at one and one-half times their regular rate for hours worked over forty (40) hours.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1); FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

20. Plaintiff JOSE M. ROJAS re-adopts every factual allegation stated in paragraphs 1-19 above as if set out in full herein.

21. This action is brought by Plaintiff JOSE M. ROJAS, and those similarly situated, to recover from his employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall

employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

22. The employer MIAMI POOL TECH was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The Defendant is a construction company. Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is enterprise coverage.

23. Plaintiff was employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce by working in facilities providing services in interstate commerce. In addition, Plaintiff handled and worked on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

24. Defendants MIAMI POOL TECH and CARLOS HERNANDEZ employed Plaintiff JOSE M. ROJAS as a pool technician employee, from January 2008, through March 31, 2018, or more than 12 years. However, for FLSA purposes, the relevant employment period is 110 weeks.

25. During the relevant time of employment, Plaintiff was a non-exempted, full-time, hourly pool technician. During the relevant employment period, Plaintiff was paid approximately $1000.00 weekly.

26. While employed by Defendants Plaintiff had a regular schedule. Plaintiff worked six days per week. a total of 63 hours weekly.

27. Plaintiff worked more than 40 hours every week, and he was paid for all his working hours, but at his regular rate, Plaintiff was not paid for overtime hours.

28. Plaintiff did not clock-in and out, but the owner of the business CARLOS HERNANDEZ was able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

29. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

30. Plaintiff was paid weekly with checks and paystubs that did not provide information about the number of days and hours worked.

31. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

32. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

33. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

34. Before the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

    *Plaintiff is not in possession of time and payment records, and he is providing this preliminary good faith estimate of the unpaid overtime. Plaintiff will amend his calculations after proper discovery.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       Twenty Thousand Eighty-Eight Dollars and 20/100 ($20,088.20)

    b. <u>Calculation of such wages</u>:

       Total time of employment: more than 12 years
       Total relevant number of weeks: 110 weeks
       Total hours worked: 63 hours weekly
       Total Overtime hours: 23 hours
       Paid: $1000.00 weekly: 63 hours =$15.88:2= $7.94
       Half-time: $7.94

       Half-time O/T rate: $7.94 x 23 O/T hours= $182.62 weekly
       $182.62 weekly x 110 weeks=$20,088.20

    c. <u>Nature of wages (e.g., overtime or straight time)</u>:

       This amount represents unpaid half-time overtime wages.

35. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked more than the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

36. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act. Plaintiff and those similarly situated are entitled to recover double damages.

37. At times mentioned, individual Defendant CARLOS HERNANDEZ was, and is now, the owner/director and manager of Defendant Corporation MIAMI POOL TECH. The Individual Defendant CARLOS HERNANDEZ was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in MIAMI POOL TECH's interest concerning its employees, including Plaintiff and others similarly situated.  Individual Defendant CARLOS HERNANDEZ had absolute operational control of MIAMI POOL TECH, and he is jointly and severally liable for Plaintiff's damages.

38. Defendants MIAMI POOL TECH and CARLOS HERNANDEZ willfully and intentionally refused to pay Plaintiff JOSE M. ROJAS overtime wages as required by the United States law and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

39. Plaintiff seeks to recover for unpaid half-time overtime wages, liquidated damages, and any other relief as allowed by law.

40. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JOSE M. ROJAS and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff JOSE M. ROJAS and other similarly situated and against the Defendants MIAMI POOL TECH and CARLOS HERNANDEZ, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff JOSE M. ROJAS an equal amount in double damages/liquidated damages; and

D. Award Plaintiff JOSE M. ROJAS reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff JOSE M. ROJAS and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

DATED: March 22, 2021

Respectfully Submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*