UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-21090-CV-REID

JOSE M. ROJAS,

    Plaintiff,

v.

MIAMI POOL TECH, INC., et al.,

    Defendants.

_____/

## ORDER DENYING MOTION TO APPROVE SETTLEMENT AGREEMENT

This matter is before the Court on the parties' Joint Motion to Review and Approve FLSA Settlement and Dismiss Action with Prejudice and Incorporated Memorandum of Law ("Motion"). [ECF No. 23]. This Fair Labor Standards Act ("FLSA") case is before the Undersigned pursuant to the parties' consent and 28 U.S.C. § 636(c). [ECF Nos. 21; 22].

After a settlement conference and fairness hearing, the parties submitted this Motion and their Settlement Agreement ("Agreement") to the Undersigned for *in camera* review. *See* [ECF No. 20]. Because the parties have chosen not to present their Agreement to the Secretary of Labor pursuant to 29 U.S.C. § 216(c), the Court has the responsibility of reviewing it for fairness before approving the agreement. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982) (citations omitted). The Court has reviewed the Agreement and finds it deficient because it does not specify the amount paid to Plaintiff separate from the amount for Plaintiff's Attorney's fees. And, with respect to the amount paid to Plaintiff, the Agreement does not specify what portion of the payment constitutes liquidated damages.

"When an employer violates the FLSA, the employer is liable for the amount owed under the FLSA, as well as 'an additional amount as liquidated damages." *Molnoski v. Batmasian*, 265 F. Supp. 3d 1355 (S.D. Fla. 2017) (quoting 29 U.S.C. § 216(b)). "Regarding the amount corresponding to wages or overtime compensation under 29 U.S.C. section 216(b), Plaintiff is entitled to an equal amount — an *additional* amount — in liquidated damages." *Id.* at 1356 (emphasis in original). The FLSA also provides for the recovery of attorneys' fees for a prevailing plaintiff. *See* 29 U.S.C. § 216(b). A court reviews "the reasonableness of [plaintiff's] counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (alteration added). As such, a court "requires the parties to file settlement agreements along with a separate designation of fees and costs." *Silva v. Miller*, 547 F. Supp. 2d 1299, 1302 n.1 (S.D. Fla. 2008), *aff'd*, 307 F. App'x 349 (11th Cir. 2009); *Bonetti v. Embarq Mgmt. Co.,* 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009).

Here, the parties through counsel stipulate that the Agreement represents a fair and reasonable resolution of Plaintiff's claims. [ECF No. 23 at 2 ¶ 3]. However, for the reasons stated, the Agreement is deficient.

Based on the above, it is **ORDERED AND ADJUDGED** that the Joint Motion for Approval of Parties' Settlement Agreement [ECF No. 23] is **DENIED** without prejudice. In light of this ruling, the parties must file a renewed motion for settlement approval by **July 1, 2021**.

**SIGNED** this 22nd day of June, 2021.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:     All Counsel of Record via CM/ECF